IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM O. ROBINSON,

    Plaintiff,

vs.

DR. N. VIRAVANATHA,

    Defendant.

CV F 06 0294 OWW WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the original complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Corcoran, brings this civil rights action against defendant N. Viranavatha, M.D., an employee of the Department of Corrections at Corcoran State Prison.

Plaintiff's statement of claim, in its entirety, follows:

> From about April 14/02 I was not getting all of my medication for seizure and Anzion depression and on April 30/02 I had a seizure in which the officers tackled me to the ground.   They did not knew about my medical problems.  When I went to the doctors about the problem he was just mad I was not getting the medication.  This was witness by Officer Neighbors.  The others did not do what suppose to be done when someone is having a seizure.

The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991).

The requisite state of mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 112 S.Ct. 995, 998 (1992); Wilson, 111 S.Ct. at 2323.  Deliberate indifference is present "when prison officials deny, delay or intentionally interfere with medical treatment," or it may be shown "by the way . . . prison physicians provide medical care."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (cites omitted).  While neither negligence nor medical malpractice is sufficient to violate the Eighth Amendment, a plaintiff is not required to show a complete failure to provide medical treatment.  Rather, "deliberate indifference" may be shown by conduct amounting to a total failure to competently treat a serious medical condition, even if some treatment is prescribed.  See, Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).

Here, the only named defendant is Dr. Viravathana.  The only conduct charged to

Defendant in the complaint is that he was "mad" that Plaintiff was not getting his medication. There are no allegations indicating that Defendant knew of and disregarded a serious risk to Plaintiff's health. That Plaintiff did not receive his medication does not, of itself, subject Defendant to liability. Plaintiff must charge each named defendant with conduct that deprived Plaintiff of a protected interest. Plaintiff alleges no such conduct as to Dr. Viravathana, the only named defendant. The compliant must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:    December 18, 2007**            /s/  **William M. Wunderlich**
                                                           UNITED STATES MAGISTRATE JUDGE